# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:16 cr 111

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TAMMY A. OXENDALE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on before the undersigned pursuant to a Violation Report (#17) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her presentence release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through AUSA David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through her attorney, admitted the allegation contained in the Violation Report.

The Defendant was charged in a bill of information (#2) while being an employee of the U.S. Postal Service, stealing mail that had come into her possession

and removed from such mail things contained therein, in violation of 18 U.S.C. § 1709. A hearing was held in regard to the detention of Defendant on October 5, 2016 and on that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond and further set conditions of release which included the following:

    (1) Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 USC § 802, unless prescribed by a licensed medical practitioner.

On October 20, 2016, an urinalysis of the Defendant yielded a positive result for use of cannaboids. The Defendant admitted the use of marijuana on or about October 15, 2016 during her pretrial intake. On November 9, 2016, the Defendant's urinalysis again yielded a positive result for cannaboids.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
-----

    (1) finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any

    other condition of release; and
(2)    finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant has committed at least a state crime while on release. The Defendant possessed marijuana on two occasions so she could consume that substance and that possession violated both federal and state law. The undersigned does not find that Defendant has committed either a federal or state felony.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release which directed her to refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. On Two occasions, Defendant consumed marijuana which is not prescribed by a license medical practitioner.

Due to the findings made above, it appears there is no condition or

combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.  It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an Order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an Order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release (#14) entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: December 13, 2016

_____
Dennis L. Howell
United States Magistrate Judge